Brian J. Smith
Katelyn J. Hepburn
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
bjsmith@garlington.com
kjhepburn@garlington.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUG ROLL,<br><br>  Plaintiff,<br><br>v.<br><br>HAGADONE MONTANA PUBLISHING, LLC, dba THE WESTERN NEWS,<br><br>  Defendant. | Cause No. 17-CV-00057-DLC<br><br>ANSWER TO COMPLAINT AND JURY DEMAND |

COMES NOW Defendant, Hagadone Montana Publishing, LLC d/b/a The Western News ("Hagadone"), by and through undersigned counsel of record, Garlington, Lohn & Robinson, PLLP, and states as follows for Defendant's Answer to Plaintiff's Complaint.

## FIRST DEFENSE

The Complaint filed by the Plaintiff fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Further answering the specific allegations of the Plaintiff's Complaint, Hagadone admits, denies and otherwise pleads as follows:

1. Hagadone admits the allegations in Paragraph 1 of the Complaint.

2. Hagadone admits the allegations in Paragraph 2 of the Complaint.

3. Hagadone denies the allegation in Paragraph 3 of the Complaint that Hagadone is incorporated under the laws of the state of Montana. To the contrary, Hagadone is a limited liability company organized under the laws of the State of Nevada. Hagadone admits that Robert Henline ("Henline") was an employee of Hagadone during the time of the events described in Plaintiff's Complaint. Hagadone denies all other allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs. Hagadone is a sole-member limited liability company organized under the laws of the State of Nevada. Its sole-member is Hagadone Investment Co., incorporated under the laws of Nevada

with its principal place of business in Nevada. Plaintiff is a citizen of the State of Montana. Hagadone denies the remaining allegations in Paragraph 4 of the Complaint.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the action occurred in this District. Hagadone denies the remaining allegations contained in Paragraph 5 of the Complaint.

## **GENERAL ALLEGATIONS**

6. Hagadone admits the allegations in Paragraph 6 of the Complaint.

7. Hagadone admits the allegations in Paragraph 7 of the Complaint.

8. Hagadone admits that on April 8, 2016, three (3) articles referencing Plaintiff were published in *The Western News*. Hagadone is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and therefore denies the same.

9. Hagadone admits that the allegations in Paragraph 9 of the Complaint accurately state the headline of the article referenced.

10. Hagadone admits that the allegations in Paragraph 10 of the Complaint accurately state the headline of the article referenced and that the article referred to the Libby City Attorney, David Tennant. Hagadone is without sufficient information to form a belief as to the truth of the remaining allegations in

Paragraph 10 of the Complaint and therefore denies the same.

11. Hagadone admits that the allegations in Paragraph 11 of the Complaint accurately reflect the headline of the article referenced.

12. Hagadone admits that the allegations in Paragraph 12 of the Complaint accurately reflect the headline of the editorial referenced.

13. Hagadone admits that Henline authored the articles referred to in Paragraphs 9-12, but is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies the same.

14. Hagadone admits that Henline authored other articles referring to Plaintiff during his time as mayor, but denies the remaining allegations in Paragraph 14 of the Complaint.

15. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies the same.

17. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18. Answering Paragraph 18, Hagadone admits that it published an article on April 15, 2016, which discussed Dejon Raines and Brian Zimmerman's request for Plaintiff to resign among several other topics related to the actions of members of the Libby community.

19. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies the same.

20. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies the same.

21. Hagadone admits that Plaintiff asked for a retraction on the article about holding an illegal meeting. Hagadone published the requested retraction on May 6, 2016. Hagadone is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and therefore denies the same.

22. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies the same.

23. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies the same.

24. Hagadone admits the allegations in Paragraph 24 of the Complaint to the extent the paragraph refers to a portion of the retraction that was printed and denies that paragraph 24 of the Complaint sets forth the entire retraction printed by *The Western News*.

25. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies the same and further states that the retraction was printed by Hagadone and whether Henline wrote it is immaterial.

26. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore denies the same.

27. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore denies the same.

28. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies the same.

29. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies the same.

30. Answering Paragraph 30, Hagadone admits that on June 2, 2016, Henline resigned. Hagadone denies that Henline was fired.

31. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies the same.

32. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore denies the same.

33. Paragraph 33 contains legal conclusions and therefore no answer is required. To the extent an answer is required, Hagadone denies any allegations in Paragraph 33 of the Complaint that are not consistent with the court order referred to. Hagadone further pleads that a copy of the order referred to in Paragraph 33 as being attached as Exhibit A was not attached to the copy of the Complaint received by Hagadone.

34. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore denies the same.

## ANSWER TO FIRST COUNT
### (Defamation)

35. Hagadone incorporates herein by reference its answers to the allegations in Paragraphs 1 through 34 above.

36. Hagadone admits that it published articles referring to Plaintiff in the spring of 2016. Hagadone denies all other allegations in Paragraph 36 of the Complaint.

37. Hagadone denies the allegations in Paragraph 37 of the Complaint.

38. Hagadone denies it published materially false information and further pleads that it published a timely retraction related to the articles stating that Plaintiff held an illegal meeting. Hagadone is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 38 of the Complaint and therefore denies the same.

39. Hagadone denies the allegations in Paragraph 39 of the Complaint.

40. Hagadone denies the allegations in Paragraph 40 of the Complaint.

41. Hagadone denies the allegations in Paragraph 41 of the Complaint.

42. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies the same.

43. Hagadone denies the allegations in Paragraph 43 of the Complaint.

44. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies the same.

45. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies the same.

## COUNT TWO
### (Civil Conspiracy)

46. Hagadone incorporates herein by reference its answers to the allegations set forth in Paragraphs 1 through 45 above.

47. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore denies the same. Hagadone affirmatively states that any such activity was beyond the scope of Henline's employment and Hagadone is not responsible for such actions, if they occurred.

48. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and therefore denies the same. Hagadone affirmatively states that any such activity was beyond the scope of Henline's employment and Hagadone is not responsible for such actions, if they occurred.

49. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore denies the same.

50. Hagadone denies the allegations in Paragraph 50 of the Complaint.

**COUNT THREE**
**(Tortious Interference with Contractual or Business Relations)**

51. Hagadone incorporates herein by reference its answers to the allegations set forth in Paragraphs 1 through 50 above.

52. Hagadone denies the allegations in Paragraph 52 of the Complaint.

53. Hagadone denies the allegations in Paragraph 53 of the Complaint.

54. Hagadone denies the allegations in Paragraph 54 of the Complaint.

55. Hagadone denies the allegations in Paragraph 55 of the Complaint.

**COUNT FOUR**
**(Actual Malice)**

56. Hagadone incorporates herein by reference its answers to the allegations set forth in Paragraphs 1 through 55 above.

57. Hagadone denies the allegations in Paragraph 57 of the Complaint.

58. Hagadone denies the allegations in Paragraph 58 of the Complaint.

59. Hagadone is without sufficient information to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore denies the same.

60. Hagadone denies the allegations in Paragraph 60 of the Complaint.

61. Hagadone denies all allegations in the Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

At this time, Hagadone is uncertain what affirmative defenses may apply if this case goes to trial. Discovery, trial preparation, and the facts of the case may make some of the affirmative defenses inapplicable and, thus, they are raised in this Answer to avoid being waived. Hagadone will dismiss any affirmative defenses that do not appear to be reasonably supported by the facts and/or law. The purpose of raising these affirmative defenses is not to create defenses where none exist. Instead, it is recognition that the pleadings, discovery, and trial preparation require an examination and evaluation of evolving facts and law. The decision maker, whether a judge or jury, should have available for consideration all defenses that may apply. Hagadone specifically reserves the right to amend its Answer to the Plaintiff's Complaint to add additional affirmative defenses once discovery has been completed.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim against Hagadone upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff is without clean hands and relief should therefore be denied.

## THIRD AFFIRMATIVE DEFENSE

Hagadone published a timely correction of the article referring to an illegal meeting of the city council. The correction was published in accordance with Montana law and Plaintiff therefore cannot recover punitive damages. No other requests for corrections were received by Hagadone.

## FOURTH AFFIRMATIVE DEFENSE

Hagadone pleads the affirmative defense of contributory negligence in the event and to the extent that the Plaintiff claims he negligently committed the acts complained of or that Hagadone was negligent.

## FIFTH AFFIRMATIVE DEFENSE

Hagadone pleads the affirmative defense of comparative negligence to the extent the Plaintiff claims that he negligently committed the acts complained of and that other actors' negligence contributed to the activities of the Plaintiff. All such negligence should be apportioned under Montana law between all persons acting negligently, whether a named party or not.

## SIXTH AFFIRMATIVE DEFENSE

Damages, if any, to Plaintiff were the result of his own acts or acts by others over whom Hagadone has no control.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff committed the acts that were reported and the information reported as to the Plaintiff's activities is accurate and truthful.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate his damages.

## NINTH AFFIRMATIVE DEFENSE

Hagadone pleads the affirmative defense of superseding intervening cause. The acts of the Plaintiff and others constitute a superseding or intervening cause of the Plaintiff's claim for damages.

## TENTH AFFIRMATIVE DEFENSE

Truth is an absolute defense to the Plaintiff's defamation claim.

## ELEVENTH AFFIRMATIVE DEFENSE

Any inaccuracies published by Hagadone were timely corrected and retracted in accordance with Montana law. All other facts published were true.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff is a public figure and Hagadone did not act with malice.

## THIRTEENTH AFFIRMATIVE DEFENSE

The communications published by Hagadone may constitute privileged communications to the extent they are reports of a public official proceeding of the City of Libby.

## FOURTEENTH AFFIRMATIVE DEFENSE

Hagadone hereby incorporates, by reference, the affirmative defenses listed in the Federal Rules of Civil Procedure for the purposes of preserving any affirmative defenses to be identified and/or discarded at a later date following discovery in this action.

WHEREFORE, Hagadone prays for the following relief:

1. For judgment in its favor and against Plaintiff on all claims;

2. For dismissal of Plaintiff's Complaint with prejudice;

3. For an Order granting Hagadone its costs incurred and attorneys' fees in defending this action to the extent permitted by law; and

4. For any and all further relief the Court deems just and appropriate.

## JURY DEMAND

Hagadone hereby demands a trial by jury of all issues so triable

DATED this 9th day of May, 2017.

        /s/ Brian J. Smith
        Attorneys for Defendant