Brian J. Smith
Katelyn J. Hepburn
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
bjsmith@garlington.com
kjhepburn@garlington.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUG ROLL,<br><br>Plaintiff,<br><br>v.<br><br>HAGADONE MONTANA PUBLISHING, LLC, dba THE WESTERN NEWS,<br><br>Defendant. | Cause No.: CV-17-57-M-DLC<br><br>**HAGADONE MONTANA PUBLISHING LLC'S PRELIMINARY PRETRIAL STATEMENT** |

## I.  PRELIMINARY PRE-TRIAL STATEMENT

Defendant Hagadone Montana Publishing, LLC dba The Western News ("Hagadone"), by and through undersigned counsel of record Garlington, Lohn & Robinson, PLLP, hereby submits this Preliminary Pretrial Statement pursuant to the Court's Scheduling Order and Local Rule 16.2.

## II. BRIEF FACTUAL OUTLINE

This matter arises from publications in *The Western News*, a newspaper distributed throughout Lincoln County, Montana. *The Western News* is owned by Hagadone Montana Publishing, LLC. Plaintiff, Doug Roll ("Roll"), was the Mayor of the City of Libby, Montana from November 20, 2008 to September 7, 2016. Compl. & Jury Demand ¶ 6, Mar. 22, 2017 ("Compl.") (Doc. 6). During this time, commencing in 2014, the editor of *The Western News* was Robert Henline ("Henline"). Henline authored numerous articles related to Roll's actions taken in his capacity as Mayor of Libby. Roll alleges that a number of these articles contained an "antagonistic tone and malicious falsehoods." Compl. ¶ 14.

One of these articles, published on April 8, 2016, read "Libby Mayor orchestrates illegal meeting." Compl. ¶ 11. Upon Roll's request, *The Western News* printed a retraction of this article on May 6, 2016, noting that the meeting at issue between Roll and certain city council members was not illegal. Also during this time, there was an effort by certain local residents to recall Roll as Mayor. After three separate recall petitions were circulated, Roll resigned as Mayor on September 7, 2016.

## III. BASIS FOR FEDERAL JURISDICTION AND VENUE

Federal jurisdiction is proper based on diversity pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in

controversy exceeds $75,000.00 exclusive of interest and costs. Hagadone is a sole-member limited liability company organized under the laws of the State of Nevada. Its sole-member is Hagadone Investment Co., incorporated under the laws of Nevada with its principal place of business in Nevada. Roll is a citizen of the State of Montana. Roll has made a demand in excess of $75,000.00.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the action occurred in this District.

## IV. FACTUAL BASIS FOR CLAIM/DEFENSES

The factual basis for the claim is that Hagadone, through *The Western News* and its agents, published defamatory statements which exposed Roll to public shaming, loss of trust with the City of Libby council members and made it impossible to do his job, forcing him to resign. Roll brings claims for defamation, civil conspiracy, tortious interference with contractual or business relations, and actual malice.

Hagadone raises a number of defenses including that the information printed was true, which is an absolute defense to all claims for defamation, and any information that was not accurate was timely amended under statute precluding Roll's claims for punitive damages. Hagadone did not act with malice which is required to prove defamation because Roll was a public figure. Also, the

communications published by Hagadone were privileged to the extent they were reports of public official proceedings of the City of Libby, and therefore cannot form the basis of a defamation claim.

## V.   LEGAL THEORIES

The legal theories in connection with this case are the statutes governing defamation which are found at Montana Code Annotated §§ 27-1-801 – 27-1-821.

## VI.   DAMAGES

Roll is seeking damages in excess of $75,000.00. Hagadone is seeking no damages in connection with this matter, however Hagadone reserves its right to seek attorneys' fees/costs in accordance with applicable state/federal law.

## VII.   OTHER PENDING MATTERS

Hagadone knows of no other cases that are pending in connection with this claim.

## VIII.   PROPOSED ADDITIONAL STIPULATIONS OF FACT

The stipulated facts to be filed in this action constitute the facts that Hagadone is in a position to stipulate to in connection with this matter. The remaining facts primarily revolve around the level of damages and no proposed facts are submitted by Hagadone at this time.

## IX.   PROPOSED DEADLINES – JOINT DISCOVERY PLAN

The parties to this case have worked out a proposed Joint Discovery Plan

which will be submitted by Roll.

## X. CONTROLLING ISSUES SUITABLE FOR PRETRIAL DISPOSITION

Hagadone does do not know of any issues that are suitable for pretrial disposition at this time. Following discovery, some issues may be subject to motions for summary judgment.

## XI. WITNESSES

1. Doug Roll, Plaintiff and former Mayor of Libby. Contact through counsel. Roll has discoverable information regarding his claims in this litigation.

2. Robert Henline ("Henline"), former Editor of The Western News and former employee of Hagadone. Henline has discoverable information regarding the publications and communications that are the subject of this litigation. Current contact information for Henline is unknown.

3. Paul Sievers ("Sievers"), photo editor of The Western News. Sievers can be contacted through Hagadone's counsel. Sievers may have discoverable information about the efforts to remove Roll from office as Mayor. Current contact information for Sievers is unknown.

4. Tammy Brown ("Brown"). Brown may have discoverable information about the efforts to remove Roll from office as Mayor. Current contact information for Brown is unknown.

5. Dejon Raines ("Raines"), former Libby City Council Member.

Raines may have discoverable information about Roll's meetings with City Council members and efforts to remove Roll from office as Mayor. Current contact information for Raines is unknown.

6. Brian Zimmerman ("Zimmerman"), current Libby City Council Member. Zimmerman may have discoverable information about Roll's meetings with City Council members and efforts to remove Roll from office as Mayor. Current contact information for Zimmerman is unknown.

7. Allan Payne ("Payne"), former Libby City Attorney. Payne may have discoverable information about the allegedly defamatory publications at issue here, about a meeting Roll held with City Council members and about a request for retraction of a publication in *The Western News*. Current contact information for Payne is unknown.

8. Lesly Ward ("Ward"), Vice President, Corporate Administrator for The Hagadone Corporation. Ward can be contacted through counsel for Hagadone. Ward may have discoverable information related to the investigation into the complaints received as to the stories printed in *The Western News* and Hagadone's actions to print a correction.

9. Rick Weaver ("Weaver"), Publisher of the Daily Inter Lake. Weaver can be contacted through counsel for Hagadone. Weaver may have discoverable information related to learning about the stories printed in *The Western News* and

his investigation into the request for a correction received from Roll and additional background information.

10. Additional persons with knowledge may be identified through discovery at which time this statement will be supplemented.

## XII. SUBSTANCE OF INSURANCE AGREEMENT

Hagadone was provided with a Libel Insurance policy from Chubb Group of Insurance Companies with policy number 8177-0307. A copy of the insurance policy and declarations page is produced with Hagadone's Initial Disclosures in this action.

## XIII. STATUS OF SETTLEMENT DISCUSSIONS

Settlement discussions have not yet taken place between the parties.

## XIV. SPECIAL PROCEDURES

Hagadone knows of no special procedures applicable to this matter.

## XV. LIKELY AREAS OF EXPERT TESTIMONY

To the extent that the case cannot be settled, expert testimony in connection with the standard of care applicable to newspaper publication may be offered by Hagadone and Hagadone reserves the right to name additional experts, based upon discovery in this matter.

DATED this 6th day of July, 2017.

    /s/ Brian J. Smith
Attorneys for Defendant

2276152　　　　7